UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KMF SERVICES, LLC d/b/a DELTA PAYMENTS, a Florida limited liability company, and FRANCES GRACE, LP, a Florida limited partnership,

        Plaintiff,

v.

FISERV, INC., a Wisconsin for-profit corporation; CARDCONNECT, LLC, a Wisconsin for-profit corporation; and IGNITE PAYMENTS, LLC, a Texas limited liability company.

        Defendants.
_____/

Case No.: 3:23-cv-815

## VERIFIED COMPLAINT

Plaintiffs, KMF SERVICES, LLC d/b/a DELTA PAYMENTS ("KMF") and FRANCES GRACE, LP ("FRANCES GRACE") (collectively "Plaintiffs"), sue Defendants, FISERV, INC., ("FISERV"), CARDCONNECT, LLC, ("CARDCONNECT"), and IGNITE PAYMENTS, LLC, ("IGNITE") (collectively "Defendants"), and allege:

## The Parties

1. Plaintiff, KMF SERVICES, LLC d/b/a DELTA PAYMENTS is a Florida limited liability company authorized to conduct business in this State. KMF operates in Florida, with its principal place of business in Nassau County, Florida.

2. Plaintiff, FRANCES GRACE, LP is a Florida limited liability company authorized to conduct business in this State. FRANCES GRACE operates in Florida, with its principal place of business in Nassau County, Florida.

3. Defendant, FISERV, INC., is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Brookfield, Wisconsin.

4. Defendant, CARDCONNECT, LLC is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in King of Prussia, Pennsylvania.

5. Defendant, IGNITE PAYMENTS, LLC is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Sugar Land, Texas.

## Jurisdiction and Venue

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332(a) in that this is an Action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that (1) the Defendants regularly do and solicit business in this District; (2) substantial events giving rise to the claims herein occurred in this District; and (3) the personal property that is subject to this Action is situated in this District.

8. All conditions precedent to bringing this Action have either been satisfied, been performed, or have been waived and/or excused.

## General Allegations

9. On or about May 18, 2015, FRANCES GRACE, LP entered into the Launch Compensation Plan, ("2015 Agreement"), with IGNITE PAYMENTS, LLC for the sale of credit card processing services. A true and accurate copy of the 2015 Agreement is attached hereto as Exhibit A.

10. On or about June 7, 2019, non-party HUNTER GRACE, LLC, ("HUNTER GRACE"), entered into the Assignment, Assumption, and Consent Agreement ("Assignment Agreement") with KMF SERVICES, LLC and CARDCONNECT, LLC to assign the Premier Agent Agreement ("PA Agreement") to KMF and obtain the consent of CARDCONNECT to the assignment of the same. A true and accurate copy of the Premier Agent Agreement and the Assignment Agreement is attached hereto respectively as Exhibits B and C.

11. Pursuant to Sections 1 and 2 of the PA Agreement, CARDCONNECT consented to KMF stepping in the place of HUNTER GRACE by way of assignment

of "all of [HUNTER GRACE's] rights, title and interests in and under the [PA] Agreement to Assignee, [KMF], and Assignee accept[ed] the assignment of Assignor's, [HUNTER GRACE's], rights and interests in the [PA] Agreement and assume[d] all of Assignor's obligations and liabilities under the [PA] Agreement."

12. On or about May 8, 2023, CARDCONNECT sent an email correspondence, ("May 8 Correspondence") notifying Plaintiffs of CARDCONNECT's, and assumingly its predecessor's alleged "Incorrect Calculation of Gross Processing Revenue" ("Incorrect Calculations") in the amount of $643,392.63, spanning from January 2018 through December 2022. A true and accurate copy of the May 8 Correspondence is attached hereto as Exhibit D.

13. IGNITE PAYMENTS is a payment platform of FISERV.

14. CARDCONNECT is a payment platform of FISERV and a successor in interest to IGNITE PAYMENTS pursuant to the Assignment Agreement.

15. Upon information and belief, FISERV acquired FIRST DATA INDEPENDENT SALES, ("FDIS") on or about January 16, 2019.

16. Pursuant to the May 8 Correspondence, CARDCONNECT would collect the Incorrect Calculations in their entirety from Plaintiffs in equal installments over the course of the next seventeen (17) months in an effort to rectify its error and shift resulting damages to Plaintiffs.

17. On or about May 12, 2023, Plaintiffs sent their Notice of Anticipated Breach and Denial of the Incorrect Calculations Recovery ("Notice and Denial") demanded by Defendants. A true and accurate copy of the Notice and Denial is attached hereto as Exhibit E.

18. Section 7.3 of both the 2015 Agreement and PA Agreement governing the Incorrect Calculations require that Defendants, respectively, "bear the risk for Merchant Losses (other than those caused by the gross negligence or willful misconduct of Agent or Agent Personnel) and **shall not deduct such Merchant Losses from any amounts due to Agent under this Agreement**." (emphasis added).

19. Section 7.2 of both the 2015 Agreement and PA Agreement obligates Defendants respectively to make residual payments to the Plaintiffs for merchant accounts boarded by Plaintiffs.

20. Moreover, Section 10.2 of both the 2015 Agreement and PA Agreement includes a contractual statute of limitations of commencement "within one year after the earlier of (i) the date on which such party knew or should have known of the first alleged act, omission or violation, or (ii) with respect to obligations that do not survive termination of [the] Agreement, the date of termination of [the] Agreement."

21. Section 10.4 of both the 2015 Agreement and PA Agreement provides that,

5

> Except as set forth in this Agreement, **in no event shall either party**, its parents, Affiliates or any of its or their directors, officers, employees, agents or sub-contractors **be liable under any theory of tort, contract, strict liability or other legal or equitable theory for lost profits, exemplary, punitive, special, incidental, indirect or consequential damages, each of which is hereby excluded by agreement of the parties regardless of whether such damages were foreseeable or whether either party or any entity has been advised of the possibility of such damages**. (emphasis added).

22. On May 20, 2023, Defendants deducted $18,427.97 from Plaintiffs' monthly residual payments to recover its Merchant Losses and/or lost profits resulting from its Incorrect Calculations.

23. Upon information and belief, the majority of Incorrect Calculations relate to residual payments far beyond the applicable contractual statute of limitations addressed herein.

24. Defendants have charged $643,392.63 against Plaintiffs and will continue to deduct $18,427.97 each month from residual payments due to Plaintiffs.

25. In its May 8 Correspondence, CARDCONNECT acknowledged that "collection of these overpaid residuals could impact your business…."

26. Plaintiffs have paid out various non-parties for services related to the Incorrect Calculations dating back through January 2018.

27. Deduction of the Incorrect Calculations would substantially and detrimentally affect Plaintiffs and their aforementioned related non-party relationships.

## COUNT I
### (Temporary and Permanent Injunctive Relief)

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if fully stated herein.

29. This is an action seeking an injunction against all Defendants from the withholding or deduction of any residual payments and from engaging in any further conduct or activity which constitutes a violation of the terms of the 2015 Agreement and PA Agreement during the pendency of this Action.

30. As set forth more fully above, Defendants have improperly charged, retained, and deducted Plaintiffs' funds in contravention of the 2015 Agreement and PA Agreement respectively.

31. Plaintiffs have no adequate remedy at law with respect to the protection of and improper acquisition and possible disposition of their property wrongfully taken by Defendants.

32. Based upon the obligations arising under the 2015 Agreement and PA Agreement, Plaintiffs have a substantial likelihood of success on the merits of their claims.

33. Furthermore, Plaintiffs believe in good faith that Defendants will continue to retain and/or deduct residual payments in violation of the terms of the 2015 Agreement and PA Agreement respectively, unless prohibited by an injunction from this Court.

34. Plaintiffs have paid out various non-parties for services related to the Incorrect Calculations dating back through January 2018.

35. Deduction of the Incorrect Calculations would substantially and detrimentally affect Plaintiffs and their aforementioned related non-party relationships.

36. As a result of Defendants' actions, Plaintiffs have been, and will continue to be directly and irreparably harmed.

37. The threatened injury to Plaintiffs outweighs any threatened harm the injunction may do to Defendants.

38. The issuance of the injunctive relief requested does not offend the public interest for such relief will uphold and promote the validity and integrity of enforcement of legal and binding contracts.

39. The temporary injunctive relief sought herein is directed solely at preserving the *status quo* until this matter can be set for a final hearing on the merits.

WHEREFORE, Plaintiffs, KMF SERVICES, LLC d/b/a DELTA PAYMENTS and FRANCES GRACE, LP, request the entry of a temporary

injunction and ultimately a permanent injunction against Defendants, FISERV, INC, CARDCONNECT, LLC, and IGNITE PAYMENTS, LLC which enjoins them as follows:

(i) from withholding and/or deducting any further residual payments under the Agreements;

(ii) from engaging in any conduct or activity which constitutes a violation of the terms of their Agreements attached as exhibits;

(iii) for any such further relief this Court deems equitable and just.

## COUNT II
## BREACH OF CONTRACT – PA AGREEMENT
## (FISERV/CARDCONNECT)

40. Plaintiff re-alleges and incorporates paragraphs 1 through 39 as if fully stated herein.

41. This is an action against Defendants, FISERV and CARDCONNECT for their breach of contract.

42. FISERV and CARDCONNECT entered into the PA Agreement and the Assignment Agreement with Plaintiffs by way of FDIS.

43. Pursuant to Section 7.2 of the PA Agreement, FISERV and CARDCONNECT are obligated to make residual payments to the Plaintiffs "on or about the 20th day of each calendar month" for residuals for merchant accounts boarded by Plaintiffs at an agreed upon rate.

9

44. Moreover, Section 3.2 of the PA Agreement, renders FISERV and CARDCONNECT

> responsible for all processing and accounting functions relating to the clearing and settlement of Card transactions, including: (i) Merchant processing and settlement; (ii) Merchant credit research; (iii) Merchant activation and approval; (iv) Merchant security and recovery; (v) Merchant customer services; (vi) Merchant chargeback and retrieval services; and (vii) all other back office services, including collecting amounts due from Merchants to FDIS. FDIS may contract with other persons to perform these functions on behalf of FDIS but FDIS remains primarily responsible for the functions. Subject to Section 5.2, FDIS will make available to Agent training on the FDIS Services.

45. Section 7.3 of the PA Agreement governing the Incorrect Calculations requires that FISERV and CARDCONNECT "bear the risk for Merchant Losses (other than those caused by the gross negligence or willful misconduct of Agent or Agent Personnel) and **shall not deduct such Merchant Losses from any amounts due to Agent under this Agreement**." (emphasis added).

46. Section 10.4 of the PA Agreement provides that, "**in no event shall either party**…**be liable…for lost profits, exemplary, punitive, special, incidental, indirect or consequential damages…regardless of whether such damages were foreseeable or whether either party or any entity has been advised of the possibility of such damages**." (emphasis added).

47. Defendants, FISERV and CARDCONNECT, materially breached the PA Agreement by (1) failing to properly process and account for Gross Processing Revenue, specifically (a) failing to implement network assessment rate increases; (b) not fully passing through all association fees; (c) including network association fees collected from merchants into the Gross Processing Revenue while excluding the offsetting payment to networks; (2) charging and reducing the amounts due to Plaintiffs in order to remediate its Incorrect Calculations; and (3) deducting Merchant Losses from the amounts due to the Plaintiffs under the PA Agreement.

48. Moreover, Defendants have pursued and charged Plaintiffs for their Incorrect Calculations, well beyond the one-year statute of limitations as laid out in Section 10.2 and addressed more fully above.

49. Plaintiffs have fully performed under the PA Agreement.

50. As a result of the Defendants' aforementioned material breaches of the PA Agreement, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs, KMF SERVICES, LLC d/b/a DELTA PAYMENTS ("KMF") and FRANCES GRACE, LP ("FRANCES GRACE"), respectfully demand judgment against Defendants, FISERV and CARDCONNECT for damages, prejudgment interest, and for such other and further relief as this Court deems just and proper.

# COUNT III
## BREACH OF CONTRACT – 2015 AGREEMENT
## (IGNITE PAYMENTS/CARDCONNECT)

51. Plaintiff re-alleges and incorporates paragraphs 1 through 50 as if fully stated herein.

52. This is an Action against Defendants, IGNITE PAYMENTS and CARDCONNECT for their breach of contract.

53. IGNITE PAYMENTS and CARDCONNECT entered into the 2015 Agreement with Plaintiffs.

54. Pursuant to Section 7.2 of the 2015 Agreement, IGNITE PAYMENTS and CARDCONNECT are obligated to make residual payments to the Plaintiffs "on or about the 20th day of each calendar month" for residuals for merchant accounts boarded by Plaintiffs at an agreed upon rate.

55. Moreover, Section 3.2 of the 2015 Agreement, renders IGNITE PAYMENTS and CARDCONNECT

> responsible for all processing and accounting functions relating to the clearing and settlement of Card transactions, including: (i) Merchant processing and settlement; (ii) Merchant credit research; (iii) Merchant activation and approval; (iv) Merchant security and recovery; (v) Merchant customer services; (vi) Merchant chargeback and retrieval services; and (vii) all other back office services, including collecting amounts due from Merchants to Ignite Payments. Ignite Payments may contract with other persons to perform these functions on behalf of Ignite Payments but Ignite Payments remains primarily responsible for the functions. Subject to Section

        5.2, Ignite Payments will make available to Agent training on the Ignite Payments Services.

56. Section 7.3 of the 2015 Agreement governing the Incorrect Calculations requires that IGNITE PAYMENTS and CARDCONNECT "bear the risk for Merchant Losses (other than those caused by the gross negligence or willful misconduct of Agent or Agent Personnel) and **shall not deduct such Merchant Losses from any amounts due to Agent under this Agreement**." (emphasis added).

57. Section 10.4 of the 2015 Agreement provides that, "**in no event shall either party**…**be liable**…**for lost profits, exemplary, punitive, special, incidental, indirect or consequential damages**…**regardless of whether such damages were foreseeable or whether either party or any entity has been advised of the possibility of such damages**." (emphasis added).

58. Defendants, IGNITE PAYMENTS and CARDCONNECT, materially breached the 2015 Agreement by (1) failing to properly process and account for Gross Processing Revenue, specifically (a) failing to implement network assessment rate increases; (b) not fully passing through all association fees; (c) including network association fees collected from merchants into the Gross Processing Revenue while excluding the offsetting payment to networks; (2) charging and reducing the amounts due to Plaintiffs in order to remediate its Incorrect

13

Calculations; and (3) deducting Merchant Losses from the amounts due to the Plaintiffs under the 2015 Agreement.

59. Moreover, Defendants have pursued and charged Plaintiffs for their Incorrect Calculations, well beyond the one-year statute of limitations as laid out in Section 10.2 and addressed more fully above.

60. Plaintiffs have fully performed under the 2015 Agreement.

61. As a result of the Defendants' aforementioned material breaches of the 2015 Agreement, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs, KMF SERVICES, LLC d/b/a DELTA PAYMENTS ("KMF") and FRANCES GRACE, LP ("FRANCES GRACE"), respectfully demand judgment against Defendants, IGNITE PAYMENTS and CARDCONNECT for damages, prejudgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT IV
## UNJUST ENRICHMENT

62. Plaintiff re-alleges and incorporates paragraphs 1 through 9, 12 through 17, 22, and 24 through 27 as if fully stated herein.

63. Plaintiffs provided certain labor and services to Defendants consisting of selling credit card processing services at the request of the Defendants.

64. Defendants had knowledge of, assented to, accepted, and retained the benefit conferred by Plaintiffs without paying a sum representing the reasonable value of the benefit conferred.

65. Defendants have no valid or equitable claim to Plaintiffs' services and/or residual payments.

66. It would be inequitable for Defendants to retain possession and benefit from the wrongfully obtained May 20, 2023, residual payment and any future residual payments due to Plaintiffs.

67. Defendants have and will continue to be unjustly enriched.

WHEREFORE, Plaintiffs, KMF SERVICES, LLC d/b/a DELTA PAYMENTS and FRANCES GRACE, LP demand judgment in an amount equal to the amount of Defendants' unjust enrichment so as to divest the inequitable benefit from them, interest, costs, and for such other and further relief as this Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

## VERIFICATION

Under the penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true to the best of my knowledge.

DATED this 13th day of July, 2023.

                                             Respectfully submitted,

                                             **MATHIS LAW GROUP**
                                             /s/ JESSICA CAPPOCK, ESQ.
                                             **JESSICA CAPPOCK, ESQ.**
                                             Florida Bar No.: 1028337
                                             jcappock@mathislawgroup.com
                                             jkirkland@mathislawgroup.com
                                             515 E. Las Olas Blvd., Suite 120
                                             Ft. Lauderdale, FL 33301
                                             Mailing: P.O. Box 91657
                                             Lakeland, FL 33804
                                             T: (954) 616-4404
                                             F: (954) 616-4405
                                             Attorney for Plaintiff

## **VERIFICATION**

**UNDER PENALTY OF PERJURY**, I declare that I have read the foregoing **Complaint** and the facts alleged therein are true and correct to the best of my knowledge and belief. I hereby authorize our counsel to file the same on behalf of KMF SERVICES d/b/a DELTA PAYMENTS.

                                             _____
                                             Signature:

                                             Founder/CEO
                                             _____
                                             Title:
                                             KMF SERVICES d/b/a DELTA PAYMENTS

## **VERIFICATION**

**UNDER PENALTY OF PERJURY**, I declare that I have read the foregoing **Complaint** and the facts alleged therein are true and correct to the best of my knowledge and belief. I hereby authorize our counsel to file the same on behalf of FRANCES GRACE, LP.

_____Signature:

General Partner
_____
Title:
FRANCES GRACE, LP