

# ROCK SOLID LAW
220 Ponte Vedra Park Drive, Suite 280
Ponte Vedra Beach, FL 32082
Phone: (904) 241-1113 Fax: (904) 212-0876
www.RockSolidLaw.com

May 12, 2023

**VIA CERTIFIED MAIL AND EMAIL**
Erik Nicholson
Senior Vice President Partner Development
Card Connect
enicholson@cardconnect.com
100 Continental Drive, Suite 300
King of Prussia, PA 19406

Re:   Anticipated Breach of Ignite Launch Agent Agreement Assigned to Card Connect

Dear Mr. Nicholson:

Our firm has the pleasure of representing Kent Flannery as General Partner of Frances Grace, LP and Authorized Member of KMF Services, LLC ("Flannery") with regard to the Ignite Launch Agent Agreement ("Agreement") and your anticipated breach of the same. A copy of the Agreement is attached hereto for your review.

Despite the decades long working relationship between Card Connect (and its predecessors) and Mr. Flannery/Frances Grace/KMF Services, Card Connect sent an email correspondence to Mr. Flannery on May 8, 2023, confirming an "Incorrect Calculation of Gross Processing Revenue" (GPR) spanning from January 2018 to December 2022 and on behalf of Card Connect and, assumingly, its predecessors. Mr. Flannery was further informed that the total amount miscalculated as a result of Card Connect's errors, amounting to $643,392.63, would be collected from payments due to Frances Grace/KMF Services in equal installments over the next 17 months. It is clear that Card Connect is seeking to rectify its mistake by shifting responsibility to Mr. Flannery and Frances Grace since Card Connect can only collect up to $16,000.00 from the Merchants involved.

Taking the aforementioned action would be done in clear and obvious breach of Section 7.3 of the Agreement titled "Merchant Losses." The aforementioned section states that "Ignite Payments shall bear the risk for Merchant Losses (other than those caused by the gross negligence of willful misconduct of Agent or Agent Personnel) and shall not deduct such Merchant Losses from any amounts due to Agent under this Agreement. The action that has been proposed by Card Connect to recover the losses incurred as a result of mistakes and miscalculations on behalf of Card Connect would be a clear breach of the Agreement under this section as Card Connect is an assignee of this Agreement.

Not only would the aforementioned action be a clear breach of the Agreement, but it would also destroy the business that Mr. Flannery has worked so hard to develop over the years and would not only affect Frances Grace/KMF Services and Mr. Flannery but would affect all others who have been paid for services related to the amounts collected. The effects of Card Connect's errors span much farther than just damage done to Mr. Flannery and Frances Grace/KMF Services. Not only would deducting those funds amounts due to Mr. Flannery and/or Frances Grace/KMF Services "impact" the business as stated in the May 8th email correspondence, but it would ruin the business and severely affect the personal lives of all the individuals involved in a substantially negative way.

| John McE. Miller, Esq. | Charles "Walt" Unfricht, Esq. |
|---|---|
| *John@RockSolidLaw.com* | *Walt@RockSolidLaw.com* |

**EXHIBIT E**

*Erik Nicholson*
*May 12, 2023*

    Pursuant to the May 8th email, Mr. Flannery reached out to Cameron Donovan as well as yourself in an attempt to resolve this matter and have the parties continue to operate pursuant to the Agreement. However, neither yourself not Mr. Donovan have so much as responded to address Mr. Flannery's concerns in order to provide assurances that these actions amounting to breach of the Agreement would not be taken. Therefore, it is clear that Card Connect intends to breach the Agreement through its outlined actions.

    Please also be reminded that Section 10.2 of the Agreement titled "Statute of Limitations" would prevent Card Connect from initiating any action against Mr. Flannery and/or Frances Grace/KMF Services for reimbursement of the aforementioned amounts. Almost all of the events leading up to the miscalculations happened over one year ago meaning no action can be initiated for recovery of the same even if there was some basis for shifting responsibility of the repayment of these amounts to Mr. Flannery/Frances Grace/KMF Services, which there is not.

    At this time, Mr. Flannery is notifying you, on behalf of Frances Grace/KMF Services, of your anticipated breach of the Agreement, specifically Section 7.3 Merchant Losses, for informing Mr. Flannery that his company would have amounts charged against and reduced from amounts due to Frances Grace/KMF Services in order to remediate billing errors made on behalf of Card Connect. Doing so would be in clear breach of Section 7.3 of the Agreement as discussed above, would destroy the business, and would adversely affect the personal lives of those involved in a serious way.

    At this time, Mr. Flannery demands that you confirm in writing that the amount of approximately $36,000.00 will not be automatically deducted from any amounts due to Mr. Flannery and Frances Grace/KMF Services, that Mr. Flannery and Frances Grace/KMF Services will incur no responsibility for the miscalculated amounts whatsoever, and that the aforementioned parties shall not be liable for the $643,392.63 as previously stated to Mr. Flannery.

    Should you not confirm the aforementioned in writing within five (5) days of receipt of this correspondence, this correspondence shall be considered notice under Section 6.3 of the Agreement and Mr. Flannery and Frances Grace/KMF Services shall be entitled to take all reasonable action under applicable law and will have no other option than to seek every remedy at law and equity available to them, including but not limited to costly litigation.

    PLEASE GOVERN YOURSELF ACCORDINGLY.

Very truly yours,

Charles "Walt" Unfricht, Esq.

CWU

John McE. Miller, Esq.                                                                 Charles "Walt" Unfricht, Esq.
*John@RockSolidLaw.com*                                               *Walt@RockSolidLaw.com*