UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| KMF SERVICES, LLC d/b/a DELTA PAYMENTS, a Florida limited liability company, and FRANCES GRACE, LP, a Florida limited partnership,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FISERV, INC., a Wisconsin for-profit corporation; CARDCONNECT, LLC, a Pennsylvania for-profit corporation; and IGNITE PAYMENTS, LLC, a Texas limited liability company,<br><br>　　　　　　　　　Defendants | Case No. 3:23-cv-815 |

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Local Rule 3.01(d), Defendants ask this Court for leave to file a brief, 5-page Reply in support of their Motion to Dismiss because Plaintiffs' Response confuses the issues and raises several new issues that Defendants did not address in their Motion to Dismiss.

In their Response, Plaintiffs argue: (1) the Agreements are ambiguous; (2) several inapplicable provisions, including Sections 3.2, 7.3, and 10.2, prohibit Defendants from recouping the credit card fees at issue ("Unpaid Fees"); (3) Defendants' course of conduct shows they are not entitled to recoup the Unpaid Fees; (4) whether the Unpaid Fees are Merchant Losses is a factual issue that

91819087.2

precludes dismissal; and (5) Plaintiffs plausibly allege unjust enrichment in the alternative.[1]

Defendants seek leave to reply to Plaintiffs' arguments to clarify the issues before the Court and to address arguments that Defendants did not address in their Motion to Dismiss. Specifically, Defendants wish to explain how Plaintiffs misinterpret the language in Sections 7.2 that limits ***Plaintiffs'*** right to challenge Residual amounts after 90 days, not Defendants' right to recoup or set off credit card fees from Plaintiffs' Residual amounts, which is governed by Sections 7.4. Defendants also wish to explain why Sections 3.2, 7.3, and 10.2 are inapplicable to the facts before this Court and to respond to Plaintiffs' course of performance arguments, which fail because course of performance evidence cannot contradict the plain terms of the Agreements. *Am. Fed. of Musicians v. Atl. Recording Corp.*, 203 F. Supp. 3d 301, 311 (S.D.N.Y. 2016).

Finally, Defendants seek leave to reply to Plaintiffs' incorrect argument that whether the losses at issue qualify as Merchant Losses is a factual issue that precludes dismissal (it is not) and whether Plaintiffs plead unjust enrichment in the alternative (they do not). Because the definition of Merchant Losses is unambiguous and CardConnect's email to Plaintiffs shows it seeks to collect credit card fees, not losses incurred by merchants, the Motion to Dismiss raises only an

---

[1] Notably, Plaintiffs fail to point to ***any*** factual allegations showing Fiserv is a proper party to this litigation but still allege "on information and belief" that Fiserv acquired FDIS, despite clear record evidence to the contrary.

issue of legal interpretation this Court is authorized to decide. And because the Agreements explicitly give Defendants a right to recoup amounts from Plaintiffs' monthly Residuals and Plaintiffs do not allege the Agreements are invalid (rather, Plaintiffs attempt to use the Agreements against Defendants), Plaintiffs' claim for unjust enrichment necessarily fails. *See Koski v. Carrier Corp.*, 347 F. Supp. 1185, 1195 (S.D. Fla. 2017) ("Under Florida law, unjust enrichment is an equitable remedy which necessarily fails upon a showing that an express contract exists.").

Because Plaintiffs' Response confuses the issues before this Court and raises several arguments that were not addressed in Defendants' Motion to Dismiss, the Court should grant Defendants leave to file a Reply in support of their Motion to Dismiss.

DATED: October 25, 2023

Respectfully submitted,

By: */s/ Henry Bolz*
Henry Bolz
Polsinelli PC
315 S. Biscayne Blvd., Suite 400
Miami, Florida 33131
(305) 921-1800
hbolz@polsinelli.com
*Counsel for Defendants*

91819087.2

## CERTIFICATE OF SERVICE

      I hereby certify that on October 25, 2023, I electronically filed the foregoing *Defendants' Motion to Dismiss* with the Clerk of the Court using the e-filing system, which will then send a notification of such filing to the attorneys of record in this matter.

                                          */s/ Henry Bolz*
                                          Henry Bolz

91819087.2